Ruffin, J.
 

 As the law requires administrators to sell the effects at auction on a credit of not less than six months, and to take from purchasers bond with good sureties, the defendant was in no default in making the sale, nor in taking the bond on that time. It follows, too, that he is only responsible in respect to the sufficiency of the bond for the purchase-money for wilfully or negligently taking such as were not good at the time of taking them, or such as he had not then good reason to believe sufficient. For, he is not to be held to guarantee the solvency of the purchaser. If he be of good credit, and the administrator were to refuse to complete the sale, and a loss were afterwards to arise from the death or destruction of the property, he would be chargeable with it. He is to act honestly for the estate, as he or any other prudent men would act for themselves, and he will then be justified in either completing or not completing the sale. The residence of the purchaser in another county, cannot materially affect the question, except so far as it may be evidence of a rash confidence in persons whose circumstances the defendant was not acquainted with. But persons from a distance are often the best bidders, and it is the duty of the administrator to get the best price; and when he gets such a bid, he ought not capriciously to reject it, upon a pretense of his want of knowledge of the bidder’s affairs, if upon due inquiry he receives reliable information of the property and the credit of the bidder. The difference is, that when the purchaser is
 
 *192
 
 of the neighborhood, an administrator may, with propriety, act on his information of the known wealth and credit of the purchaser and his sureties, without proceeding at the time to make particular inquiry of others on those points; whereas, in the case of strangers, it is clearly incumbent on the administi’ator to
 
 enquire in
 
 proper quarters as to the sufficiency of the bond offered by the purchaser. But, if he recieve satisfactory information — such as would lead a prudent man to trust to those names for the amount of the bond — then he ought to complete the contract, and therefore the law will not treat him as being in default for having done so. The present defendant seems to have used every prudent precaution which even a suspicious person would have used, and he had the best reasons to think the debt entirely safe, as, indeed, it would have been, but for the sudden fall of turpentine, in which those persons seem all to have been dealers. Then the alleged liability of the defendant for this loss is reduced to the single fact that he did not sue on the bond to the first term of the county court, which came about one month after the bond fell due. That seems to be a very short time, on which to charge an administrator to next of kin, in a case where there was no suspicion and apparently no cause for suspicion, and the defendant swears that he, in fact, believed the debtors to be perfectly responsible, and his sincerity is attested, not only by his obligation to
 
 good
 
 faith in his office, but by personal interest as one of the next of kin. It may be, that as to creditors the utmost diligence is required, and that the administrator ought to give no indulgence on sale notes; as, at common law, the sale of the goods made them assets at once, and it is a forbearance in the law merely, to allow the sale, and not to make the administrator answerable for the proceeds until the money is received or might have been received. But, without determining that point, it seems to the Court that where there was no likelihood of insolvency, or none known, but the contrary was believed, and was apparently true, one month’s delay in bringing the suit is not, of itself, such evidence of bad faith or gross neglect as
 
 *193
 
 renders an administrator liable to the next of kin for losing a debt by the insolvency of the debtors. It is not the custom of this country to put sale notes in suit the day after falling due; nobody does it, unless in particular eases — where the debtors are suspected, or the money may be immediately required for the payment of debts; moreover, in this case, if the defendant had sued to the first court, it is obvious that the suit would not have saved the debt; for the deeds of trust, though unknown to the public, were executed and held ready for registration whenever it might be necessary to give them operation against judgments and executions, and there cannot be a doubt tliat, if suit had been brought by the defendant to August court, it would have been unavailing, by reason of the registration of those deeds in time to defeat the recovery, —one of them, indeed, having been registered on the 17th of August, the week after the first court.' The degree of diligence requisite to exense an executor, will, of course, vary with circumstances — such as the amount of the debt, the necessity the estate is under for the present use of the money, and the probable sufficiency or insufficiency of tfee debtors to answer the demand. There has been no case before the Court on which it has been held that the loss of one court, when the debt fell due a month before the court, would subject the executor; and, if, in an}' ease it would not, we think it ought not in that before us, since the defendant had every reason to think the security ample up to the time he sued, and for some weeks afterwards, so that he might well believe that payment would be received sooner without bringing suit to the first court than by bringing it, and he certainly did not delay with any sinister purpose.
 

 The decree of his Honor is therefore affirmed, and this will be certified to the court of equity so that further proceeding may be there had in the cause.
 

 Pee Curiam, Decree accordingly.